## THE AMARANTH.

District Court, S. D. New York. November 6, 1929.

Charles H. Tuttle, U. S. Atty., of New York City (Thos. E. Kerwin, of New York City, of counsel), for the United States.

Louis Halle, of New York City, for claimant.

KNOX, District Judge. When boarded by officers of the coast guard, the Amaranth, an auxiliary schooner of British registry, was within twelve miles of the Long Island shore, and was bound for a point on the beach where it was planned to deliver the liquors which composed her cargo. The master of the vessel was unable to produce the cargo manifest required by section 431, of the Tariff Act of 1922 (19 USCA § 241), when the same was demanded by the boarding officer. For such reason, the government asks for a decree of condemnation in order to satisfy the penalties provided by the act.

The sole point raised by claimant in defense of the libel is that a vessel observed and seized on waters more than three, and less than twelve, miles from the coast is not obligated to carry a cargo manifest such as is prescribed by section 431; it being argued that this provision of law is operative only when the vessel has arrived within the United States, and is required to make entry, in the manner set forth in section 435 of act (19 USCA § 245).

With this contention I am unable to agree. Indeed, the opinion of the Circuit Court of Appeals in The Mistinguette, 27 F. (2d) 738, 739, would seem to rule this case. It was there said that a construction such as is here asked "would deny effect to section 581 [19 USCA § 481] * * * which authorizes officers of the customs or of the Coast Guard to board a vessel within 4 leagues of the coast and to examine the manifest and search the vessel. * * *"

Such, too, is my opinion, and, as the papers of the Amaranth failed to comply with the essentials of section 431, the government may have a decree of condemnation and forfeiture in the sum stipulated at the trial.